UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EDITH LEWIS,<br><br>                Plaintiff,<br><br>v.<br><br>AUTO LENDERS LIQUIDATION CENTER,<br><br>                Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 25-15350 (KMW-SAK)<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court by way of *pro se* Plaintiff Edith Lewis' ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") pursuant to 28 U.S.C. § 1915(a)(1); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application (ECF No 1-2), Plaintiff declares that she has a monthly income of $1,000.00 from employment, and has approximately $1,300.00 in expenses per month. IFP Application ¶¶ 1, 8. Plaintiff asserts that she does not have other liquid assets, nor does she have a spouse to contribute income or share in expenses, nor does she have any dependents. *Id.*

**WHEREAS**, the Third Circuit has held that an application to proceed without paying filing fees is "based on a showing of indigence," *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006) (citation omitted); and

**WHEREAS** the Court notes that although a person "need not be absolutely destitute to proceed in forma pauperis," Plaintiff must nonetheless, "establish that [she] is unable to pay the costs of [her] suit," *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016); and

**THE COURT FINDING** that because Plaintiff's monthly expenses exceed her income, Plaintiff has demonstrated that she cannot pay the costs of litigation, and thus the Court **GRANTS** the IFP Application.

Pursuant to 28 U.S.C. §1915(e)(2)(B), the Court is to review Plaintiff's Complaint and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiffs' Complaint is **DISMISSED** for failing to establish jurisdiction.

**WHEREAS**, federal courts are courts of limited jurisdiction and have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Lincoln Ben. Life Co. v. AEILife, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). If a federal district court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). To establish jurisdiction, a pleading must either present a federal claim[1] or trigger the court's diversity jurisdiction[2]. *See Gibson v. Tip Towing & Recovery LLC*, No. 23-2919, 2024 WL 658977 at *1 (3d Cir. Feb. 16, 2024).

Plaintiff contends that jurisdiction is established pursuant to federal question jurisdiction. In her Complaint (ECF No. 1), Plaintiff alleges a claim under 42 U.S.C. § 1983. Section 1983 does not itself, create any rights, it merely provides "private citizens with a means to redress violations of federal law committed by state [actors]." *Kosch v. Reid*, No. CV-12781-SDW-LDW, 2018 WL

---

[1] To assert a federal claim, a pleading must assert an action arising under the Constitution, laws, or treaties of the United States. *Gibson*, 2024 WL 658977 at *1 n.2. The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when "the face of a properly pleaded complaint asserts a federal question." *Deutsche Bank Nat'l Tr. Co. v. Harding*, 655 F. App'x 113, 114 (3d Cir. 2016) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

[2] To assert diversity jurisdiction, a pleading must demonstrate complete diversity of citizenship among the parties, (meaning that each defendant must be a citizen of a different state than each plaintiff), with the amount in controversy exceeding $75,000.00. *Gibson*, 2024 WL 658977 at *1.

2332250, at *2 (D.N.J. May 23, 2018); *See also Woodyard v. Cty. of Essex*, 514 Fed.Appx. 177, 180 (3d Cir. 2013); *see also Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). To establish a claim under § 1983, a plaintiff must show: 1) defendants' conduct was committed by a person acting under color of state law, and 2) the alleged conduct deprived the plaintiff of rights, privileges, or immunities protected by the Constitution or laws of the United States. *Kosch*, 2018 WL 2332250, at *2.

In this case, the sole Defendant is Auto Lenders Liquidation Center ("Defendant"), and Plaintiff alleges that "Under color of law, AUTO LENDERS LIQUIDATION CENTER et,al., used I (The Plaintiff's) personal information as to not have it approved by I (The Plaintiff) knowing about it, except to receive an invoice saying that I owe such a amount of money on a vehicle that I (The Plaintiff) never obtained in my control." Compl. Part II.B. (ECF No. 1 at p. 3.) Nothing in the Complaint indicates that Defendant is a government official, agency, or acting under the control of the government. As such, Defendant cannot be considered a government actor. Private citizens and entities that are not state actors cannot be subject to liability under § 1983. *Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010). Therefore, Plaintiff's Complaint does not state a viable claim under §1983.

Further, Plaintiff's Complaint does not plausibly point to any other violation of the Constitution or treaty of the United States, nor does it plead any violations of federal law. Plaintiff's Complaint asserts facts that can be construed as common law breach of contract claims, none of which fall under the Constitution or federal law.

While the Court has an obligation to construe a *pro se* litigant's pleadings to less stringent standards than the formal pleadings drafted by lawyers, this does not "absolve a *pro se* plaintiff of the need to adhere to the Federal Rules of Civil Procedure," *Davis v. Forsdahl*, No. 23-2313, 2025

WL 1118629 at *3 (D.N.J. Apr. 15, 2025). As such, the Plaintiff is required to sufficiently establish jurisdiction in her Complaint. However, even construing the facts alleged, nothing in the Complaint amounts to a cognizable federal claim such that the Court may properly exercise jurisdiction[3].

**IT IS HEREBY** on this 5th day of December, 2025, **ORDERED**

A.  Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-2) is **GRANTED**

B.  The Complaint (ECF No. 1) shall be filed

C.  The Complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**

D.  Plaintiff has thirty (30) days to amend his pleadings in light of the deficiencies described in this Memorandum Opinion and Order, and if Plaintiff fails to do so, the Court will Order the Clerk of Court to close the case

E.  The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
United States District Judge

---

[3] The Court notes that the Plaintiff does not assert that this Court has jurisdiction pursuant to diversity jurisdiction.